UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELVIN PARKER,

Plaintiff,

v.

LVMH MOËT HENNESSY LOUIS VUITTON INC., FRESH, INC., PYRAMID CONSULTING GROUP, LLC, MONICA SOWADE, GINA SAPIENZA, ASHLEY DELGADO, ALEXIS HANANYA,

Defendants.

26-CV-7071 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

Plaintiff Kelvin Parker, of Mabelvale, Arkansas, who is appearing *pro se*, brings this action asserting claims under the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the New York State and City Human Rights Laws, the New York Labor Law, as well as a state-law tort claims of fraudulent inducement.[1] Plaintiff sues: (1) LVMH Moët Hennessy Louis Vuitton, Inc.; (2) Fresh, Inc.; ("Fresh"); (3) Pyramid Consulting Group, LLC ("PCG"); (4) Monica Sowade, "Head of Digital at Fresh," and his former direct supervisor; (5) Gina Sapienza, a PCG Corporate Recruiter; (6) Ashley Delgado, PCG's Assistant Vice President of Corporate Recruitment; and (7) Alexis Hananya, Fresh's Associate Director of Talent Acquisition. In an Amended Complaint filed on September 3, 2026, Plaintiff seeks, among other relief, damages, declaratory relief, and injunctive relief.

By order dated September 24, 2026, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. This case was reassigned

[1] Plaintiff's Amended Complaint (ECF 5) is the operative pleading for this action.

to the undersigned from Chief Judge Swain on October 2, 2026. The Court directs service on the Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service on the Defendants.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue a summons for each Defendant and deliver to the USMS all the paperwork necessary for the USMS to effect service on the Defendants.

If summonses and the Amended Complaint are not served on the Defendants within 90 days from the date that the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Amended Complaint on the Defendants until the Court reviewed the Amended Complaint and ordered that summonses be issued for the Defendants. The Court therefore extends the time to serve the Defendants with summonses and the Amended Complaint until 90 days after the date that summonses for the Defendants are issued.

Plaintiff is further advised that, if he seeks assistance, he may consult with the Civil Bar Justice Center's clinic for *pro se* litigants by visiting its website at www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project, by calling (212) 382-4794, or by emailing fedprosdny@nycbar.org. This clinic, which is neither part of nor run by the Court, assists *pro se* litigants with federal civil cases.

**CONCLUSION**

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court also respectfully directs the Clerk of Court to issue a summons for each Defendant ((1) LVMH Moët Hennessy Louis Vuitton Inc.; (2) Fresh, Inc.; (3) Pyramid Consulting Group, LLC; (4) Monica Sowade; (5) Gina Sapienza; (6) Ashley Delgado; and (7) Alexis Hananya), complete the USM-285 forms with the service address of each Defendant, and deliver all documents necessary to effect service of summonses and the Amended Complaint (ECF 5) on the Defendants to the USMS.

SO ORDERED.

Dated: October 5, 2026
New York, New York

RONNIE ABRAMS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANTS**

1. LVMH Moët Hennessy Louis Vuitoon, Inc.
   19 East 57th Street
   New York, New York 10022

2. Fresh, Inc.
   130 Fifth Avenue
   New York, New York 10011

3. Pyramid Consulting Group, LLC
   110 West 40th Street, Suite 1500
   New York, New York 10018

4. Monica Sowade
   Head of Digital at Fresh
   Fresh, Inc.
   130 Fifth Avenue
   New York, New York 10011

5. Gina Sapienza
   Corporate Recruiter
   Pyramid Consulting Group
   110 West 40th Street, Suite 1500
   New York, New York 10018

6. Ashley Delgado
   Assistant Vice President of Corporate Recruitment
   Pyramid Consulting Group
   110 West 40th Street, Suite 1500
   New York, New York 10018

7. Alexis Hananya
   Associate Director of Talent Acquisition
   Fresh, Inc.
   130 Fifth Avenue
   New York, New York 10011